1  SHIRISH GUPTA (SBN 205584)
   MAYER, BROWN, ROWE & MAW LLP
2  Two Palo Alto Square
   3000 El Camino Real, Suite 2-300
3  Palo Alto, CA  94306
   Telephone: (650) 331-2000
4  Facsimile: (650) 331-2060

5  *Counsel for American Standard Companies Inc.*

6

7

8                 **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10
   EDWARD CARPANELLI, et al.
11
                                              Case No. _____
12        v.
                                              California J.C.C.P. No. 4415
13 AMERICAN STANDARD COMPANIES
   INC., et al.                               **NOTICE OF REMOVAL OF ACTION**
14                                            **PURSUANT TO 28 U.S.C. §§ 1332, 1446,**
                                              **AND 1453**
15 Coordinated Proceedings Special Title (Cal.
   Rule 1550(b)):                             **(DIVERSITY JURISDICTION)**
16
   **BATHROOM FITTINGS CASES**
17

18

19 This Document Relates To:

20 **ALL ACTIONS**

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, Defendant American Standard Companies Inc. ("American Standard") hereby removes to this Court the California state court action described below.

## STATEMENT OF JURISDICTION

1.     The captioned California Judicial Council Coordinated Proceeding is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by American Standard, a Delaware corporation, pursuant to the provisions of 28 U.S.C. §§ 1441(b), 1446(b), and 1453(b), for the reasons set forth below.

## BASIS FOR REMOVAL

2.     This Court has jurisdiction over this action pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because it is a putative class action with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and there is diversity of citizenship between at least one member of the plaintiff class and at least one defendant.  More specifically:

(a)    The captioned proceeding initially consisted of five actions (hereinafter referred to as the "Initial Actions").  Plaintiffs Lawrence Lang and Scott Young filed complaints on February 14, 2005; plaintiff Ed Carpanelli filed a complaint on February 15, 2005; and plaintiffs Aaron Linn and Judith Barry filed complaints on February 17, 2005.  The complaints named American Standard, Masco Corporation ("Masco"), Grohe America Inc. ("Grohe") and Delta Faucet Company ("Delta") as defendants,[1] as well as unnamed Does 1 through 100.  The complaints were brought on behalf of all persons within California who indirectly purchased "faucets, taps, mixers, shower heads, heaters, and shower and tub drains" (hereinafter referred to as "Fittings") from January 1, 2001 (or in the case of the Lang complaint, January 1, 1998) through the dates of the respective complaints.  The complaints alleged that the defendants conspired to fix the prices of Fittings in violation of the Cartwright Act, Cal. Bus. & Prof. Code

---

[1]    The Lang complaint did not name Grohe as a defendant, and the Carpanelli complaint did not name Delta as a defendant.

NOTICE OF REMOVAL

1   § 6720 *et seq.*, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et*

2   *seq.*   Plaintiffs sought treble damages, restitution, prejudgment interest at the maximum rate,

3   costs and attorneys' fees.   True and correct copies of the Complaints in the Initial Actions are

4   attached hereto as Exhibits A through E and are incorporated herein by reference.

5          (b)   On December 1, 2005, plaintiffs Carpanelli, Young, Linn, and Lang filed a

6   Consolidated Amended Complaint (the "CAC") in San Francisco County Superior Court.   The

7   CAC constituted "new" litigation, removable pursuant to CAFA, because it alleges new and

8   different claims arising out of new and different conduct and events.   *Heaphy v. State Farm*

9   *Mutual Automobile Ins. Co.*, No. C05 5404RBL, 2005 WL 1950244 at *4 (W.D. Wash., Aug. 15,

10  2005).   The CAC no longer names Delta and Grohe as defendants, and now alleges that

11  defendants American Standard and Masco conspired to fix the prices of "sinks, lavatories, toilet

12  bowls, toilet tanks, and non-whirlpool bathtubs" (hereinafter referred to as "Fixtures") in

13  violation of the Cartwright Act and the UCL.   Furthermore, the CAC constitutes new litigation,

14  removable pursuant to CAFA, in that it purports to add a new, different and significantly larger

15  class of plaintiffs, consisting of all indirect purchasers of Fixtures during the class period.   *Id.*;

16  *Senterfitt v. SunTrust Mortgage, Inc.*, 385 F. Supp. 2d 1377, 1380-81 (S.D. Ga. 2005).

17  Accordingly, this action is subject to removal under CAFA.   *Senterfitt*, 385 F. Supp. 2d at 1379.

18  A true and correct copy of the CAC is attached hereto as Exhibit F and is incorporated herein by

19  this reference.

20          (c)   The action is a class action with 100 or more class members.

21          (d)   The amount in controversy exceeds the sum of $5 million, exclusive of interest

22  and costs.   By the CAC, Plaintiffs seek an aggregate of more than $5 million in damages

23  resulting from, *inter alia*, American Standard's alleged violations of the Cartwright Act and the

24  UCL.

25          (e)   Defendant American Standard is, and was at the time of the filing of this action,

26  a corporation organized and existing under the laws of the State of Delaware, with its principal

27  place of business in Piscataway, New Jersey.

28

(f)   American Standard is informed and believes that plaintiffs Carpanelli, Young, Linn, and Lang are residents of California.

(g)   This Notice of Removal is timely in that it is filed within thirty days after the date that the CAC was received by American Standard.

3.   In accordance with 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings and orders" are affixed hereto, as follows:

(a)   Pursuant to Recommendations Regarding Coordination and Stay Order dated May 5, 2005 (Kramer, J.), attached hereto as Exhibit G and incorporated herein by reference, the Initial Actions were deemed complex and stayed, and coordination was recommended.

(b)   Pursuant to an Order Assigning Coordination Trial Judge, dated June 21, 2005 (George, C.J.), which is attached hereto as Exhibit H and incorporated herein by reference, the presiding judge of the San Francisco Superior Court was authorized to assign the Initial Actions to a judge of the San Francisco Superior Court.

(c)   Pursuant to an Order Assigning Coordination Trial Judge, dated July 7, 2005 (Dondero, J.), which is attached hereto as Exhibit I and incorporated herein by reference, the presiding judge of the San Francisco Superior Court assigned the Honorable Richard A. Kramer to sit as coordination trial judge to hear and determine the Initial Actions.

(d)   Pursuant to Pretrial Order No. 1, dated October 18, 2005 (Kramer, J.), which is attached hereto as Exhibit J and incorporated herein by reference, Judge Kramer designated plaintiffs' Co-Liaison Counsel and Plaintiffs' Committee of the Whole.

(e)   Pursuant to Pretrial Order No. 2, dated October 18, 2005 (Kramer, J.), which is attached hereto as Exhibit K and incorporated herein by reference, Judge Kramer specified the time for filing the CAC, and any responses thereto.

4.   Pursuant to 28 U.S.C. § 1446(d), American Standard is serving plaintiffs with a copy of a Notice to Plaintiffs that Action Has Been Removed to Federal District Court Pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, a true and correct copy of which is attached hereto as Exhibit L and incorporated herein by reference.

1       5.    Pursuant to 28 U.S.C. § 1446(d), American Standard also is filing in the San

2  Francisco Superior Court, and has served the same upon Plaintiff, a Notice to Superior Court that

3  Action Has Been Removed to Federal District Court Pursuant to 28 U.S.C. §§ 1332, 1446, and

4  1453, a true and correct copy of which is attached hereto as Exhibit M and incorporated herein

5  by this reference.

6

7

8  Dated:  January 3, 2006               By: _____

9                                    SHIRISH GUPTA

                                  MAYER, BROWN, ROWE & MAW LLP

10

                                 *Counsel for American Standard Companies Inc.*

11

12                                  – and –

13

14                                    RICHARD J. FAVRETTO

                                  MARK W. RYAN

15                                    JOSEPH R. BAKER

                                  MAYER, BROWN, ROWE & MAW LLP

16                                    1909 K Street NW

                                  Washington, DC 20009

17                                    Telephone: (202) 263-3000

                                  Facsimile: (202) 263-3300

18

19                                   *Of Counsel for American Standard Companies Inc.*

20

21

22

23

24

25

26

27

28

                                             NOTICE OF REMOVAL

1                              **PROOF OF SERVICE**

2          I, Jessica F. Davis, declare as follows:

3          I am a resident of the State of California, over the age of eighteen years, and not a party to

4    the within action.  My business address is Mayer, Brown, Rowe & Maw LLP,  Two Palo Alto

5    Square, Suite 300, 3000 El Camino Real, Palo Alto, California 94306-1433.

6          On January 3, 2006, I served the document(s) listed below as follows:

7    **1.       CIVIL COVER SHEET**

8    **2.       NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1446,
9    AND 1453 (DIVERSITY JURISDICTION)**

10   ☒     **(BY PERSONAL SERVICE)** I caused a true and correct copy of the document(s) to
           be delivered to the persons shown on the attached list.

11   ☐     **(BY OVERNIGHT MAIL)** I sent a true and correct copy of the document(s) for
12         delivery to the persons shown on the attached list.

13   ☒     **(BY U.S. MAIL)** I placed a true and correct copy of the document(s) in a sealed
           envelope with first class postage fully prepaid in the United States Mail at Palo Alto,
14         California, addressed as shown on the attached list.

     ☐     **(BY FACSIMILE)** I transmitted by facsimile a true and correct copy of the above
15         referenced documents to the persons shown on the attached list.

16
17         I am readily familiar with Mayer, Brown, Rowe & Maw LLP's practice of collection and

18   processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

19   Postal Service on that same day with postage thereon fully prepaid in the ordinary course of

20   business.

21         Executed on January 3, 2006, at Palo Alto, California.

22
23                                                        _____
                                                          JESSICA F. DAVIS
24
25
26
27
28

                                              1

1

**SERVICE LIST**

2
| | |
|---|---|
| **VIA U.S. MAIL** | **VIA U.S. MAIL** |
| R. Alexander Saveri | Reginald Terrell |
| Cadio Zirpoli | **TERRELL LAW GROUP** |
| **SAVERI & SAVERI, INC.** | 223-25th Street |
| 111 Pine Street, Suite 1700 | Richmond, CA  94804 |
| San Francisco, CA 94111 | |

3

4

5

6

7

**VIA U.S. MAIL**                           **VIA U.S. MAIL**
C. Donald Amamgbo                    Randy R. Renick
**AMAMGBO & ASSOCIATES, PLC**   **LAW OFFICES OF RANDY RENICK**
1940 Embarcadero                       128 North Fair Oaks Avenue
Oakland, CA 94606                      Pasadena, CA  91103

8

9

10

11

**VIA U.S. MAIL**                           **VIA U.S. MAIL**
Bruce Simon                               Brian Barry
**COTCHETT PITRE SIMON &**        **LAW OFFICES OF BRIAN BARRY**
**McCARTHY**                              1801 Avenue of the Stars, Suite 307
San Francisco Airport Office Center   Los Angeles, CA  90067
840 Malcolm Road, Suite 200
Burlingame, CA 94010

12

13

14

15

**VIA HAND DELIVERY**             **VIA U.S. MAIL**
Mario Alioto                              Lionel Glancy
**TRUMP ALIOTO TRUMP &**         **GLANCY BINKOW & GOLDBERG LLP**
    **PRESCOTT, LLP**                    455 Market Street, Suite 1810
2280 Union Street                       San Francisco, CA  94105
San Francisco, CA  94123

16

17

18

**VIA U.S. MAIL**                           **VIA U.S. MAIL**
Joseph M. Patane                        Susan Kupfer
**LAW OFFICES OF JOSEPH M. PATANE**   **GLANCY BINKOW & GOLDBERG LLP**
2280 Union Street                       1801 Avenue of the Stars, Suite 307
San Francisco, CA  94123             Los Angeles, CA  90067

19

20

21

**VIA U.S. MAIL**                           **VIA U.S. MAIL**
Lawrence G. Papale                     Francis O. Scarpulla
**LAW OFFICES OF LAWRENCE G.**   **LAW OFFICES OF FRANCIS O.**
**PAPALE**                                  **SCARPULLA**
1308 Main Street, Suite 117          44 Montgomery Street, 15th Floor
St. Helena, CA  94574                  San Francisco, CA 94104

22

23

24

25

**VIA HAND DELIVERY**             **VIA U.S. MAIL**
Michael Lehmann                       Jake P. DeBoever
Jon T. King                                Thomas Campbell
**THE FURTH FIRM**                    **GARDNER CARTON & DOUGLAS LLP**
225 Bush Street                          191 N. Wacker Drive, Suite 3700
San Francisco, CA  94104            Chicago, IL  60606

26

27

28

**VIA U.S. MAIL**                           **VIA U.S. MAIL**
Eric McCarthy                            John F. McLean
Margaret M. Zwisler                    45 Seafirth Road
**LATHAM & WATKINS**                Tiburon, CA  94920
555 11th Street, N.W., Suite 1000
Washington, D.C.  20004

2

# EXHIBIT A

1  MICHAEL P. LEHMANN (No. 77152)
   JON T. KING (No. 205073)
2  THE FURTH FIRM LLP
   225 Bush Street, 15th Floor
3  San Francisco, California 94104
   Telephone:    (415) 433-2070
4  Facsimile:    (415) 982-2076

5  FRANCIS O. SCARPULLA (41059)
   LAW OFFICES OF FRANCIS O. SCARPULLA
6  44 Montgomery Street, Suite 3400
   San Francisco, CA 94104
7  Telephone: (415) 788-7210

8  Attorneys for Plaintiff

9

10

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12             CITY AND COUNTY OF SAN FRANCISCO

13                  UNLIMITED JURISDICTION

14  AARON LINN on behalf of himself and all  )  Case No.  05-438776
    others similarly situated,                )
15                                            )
                    Plaintiff,                )  CLASS ACTION COMPLAINT
16                                            )
             vs.                              )
17                                            )  DEMAND FOR JURY TRIAL
    AMERICAN STANDARD COMPANIES;              )
18  MASCO CORPORATION; GROHE                  )
    AMERICA, INC; DELTA FAUCET                )
19  COMPANY and DOES 1 through 100            )
    inclusive,                                )
20                                            )
                    Defendants.               )
21                                            )
                                              )
22                                            )
                                              )
23                                            )
                                              )
24  _____  )

25

26

27

28

ENDORSED
**F I L E D**
San Francisco County Superior Court

FEB 1 7 2005

GORDON PARK-LI, Clerk
BY:  CRISTINA E. BAUTISTA
                Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

PLAN I    JUL 2 2 2005  9:00 AM

DEPARTMENT 212

51322.1
CLASS ACTION COMPLAINT

Plaintiff Aaron Linn (hereinafter "Plaintiff"), on behalf of himself and as representative of a class of similarly situated indirect Bathroom and Kitchen Fittings purchasers and end-users/consumers throughout California, brings this Complaint against the above-named defendants (collectively, "Defendants"), and upon personal knowledge as to her own actions, and upon information and belief with respect to all other allegations, alleges as follows:

## JURISDICTION AND VENUE

1.     This class action for price fixing and unfair competition arises and is brought under California Business and Professions Code Sections 16750(a) and 17204 to recover treble damages and obtain equitable relief due to violations by the Defendants and their co-conspirators, as alleged herein, of the Cartwright Act (Business and Professions Code Section 16720 *et seq.*) and the Unfair Competition Law (Business and Professions Code Section 17200 *et seq.*).

2.     Venue as to the Defendants is proper in this judicial district pursuant to the provisions of sections 16750(a) and 17203 of the California Business and Professions Code, and Section 395(a) and 395.5 of the California Code of Civil Procedure. Each Defendant either maintains an office, transacts business, has an agent, or is found in the City and County of San Francisco. Each Defendant is within the jurisdiction of the Court for purposes of service of process, and many of the unlawful acts done pursuant to the combination and conspiracy hereinafter alleged had a direct effect on indirect purchasers of Bathroom and Kitchen Fittings bought for use, but not for resale, within the State of California and, more particularly, within the City and County of San Francisco. The trade and commerce hereinafter described is carried on, in part, within the State of California and, more particularly within the City and County of San Francisco.

3.     The total amount in controversy as to Plaintiff and at least one individual Class member alleged herein does not exceed seventy-five thousand dollars ($75,000.00), including treble damages, interest and costs. Plaintiff and the Class assert no

51322.1                                                   -1-

CLASS ACTION COMPLAINT

1   federal questions and Plaintiff's state law causes of action are not federally pre-empted.

2   Plaintiff's state law causes of action mandate that this case be heard in a State of California

3   forum.

4                                    **DEFINITIONS.**

5          4.    The term "Bathroom and Kitchen Fittings" as used herein, includes

6   faucets, taps, mixers, shower heads, heaters, and shower and tub drains.

7          5.    The term "Class Period," as used herein, refers to the period from

8   January 1, 2001 to the present.

9          6.    The term "Person," as used herein, refers to any individual,

10  partnership, corporation, association, or other business or legal entity.

11                                   **THE PARTIES.**

12         7.    Plaintiff Aaron Linn is an individual residing in San Jose, California.

13  During the Class Period, Plaintiff indirectly purchased Bathroom and Kitchen Fittings in

14  California for use and not for resale that was manufactured by one or more of the named

15  Defendants and/or their subsidiaries, affiliates, and/or co-conspirators, and has been injured

16  by reason of the antitrust violations alleged in this Complaint.

17         8.    Defendant American Standard Companies ("American Standard") is a

18  Delaware corporation with its principal place of business in Piscataway, New Jersey.

19  During the Class Period, American Standard engaged in the business of manufacturing,

20  marketing and/or selling, directly or through its subsidiaries and/or affiliates, and indirectly,

21  Bathroom and Kitchen Fittings throughout the United States, including in the State of

22  California and the City and County of San Francisco.

23         9.    Defendant Masco Corporation ("Masco") is a Delaware corporation

24  with its principal place of business in Taylor, Michigan.  During the Class Period, Masco

25  engaged in the business of manufacturing, marketing and/or selling, directly or through its

26  subsidiaries and/or affiliates, and indirectly, Bathroom and Kitchen Fittings throughout the

27  United States, including in the State of California and the City and County of San Francisco

28

51322.1                                      -2-

CLASS ACTION COMPLAINT

10.    Defendant Delta Faucet Company ("Delta") is a wholly owned subsidiary of Masco with its principal place of business in Indianapolis, Indiana.  During the Class Period, Delta engaged in the business of manufacturing, marketing and/or selling, directly or through its subsidiaries and/or affiliates, and indirectly, Bathroom and Kitchen Fittings throughout the United States, including in the State of California and the City and County of San Francisco

11.    Defendant Grohe America, Inc. ("Grohe America") is a corporation with its principal place of business in Bloomingdale, Illinois.  During the Class Period, Grohe America sold Bathroom and Kitchen Fittings engaged in the business of manufacturing, marketing and/or selling, directly or through its subsidiaries and/or affiliates, and indirectly, Bathroom and Kitchen Fittings throughout the United States, including in the State of California and the City and County of San Francisco

12.    Various other persons, firms, and corporations have participated as co-conspirators with Defendants in the offenses charged and violations alleged herein and have aided, abetted, and performed acts and made statements in furtherance of combinations in restraint of trade and unfair business practices alleged herein.  When and if Plaintiff learns the identity of such co-conspirators, Plaintiff may seek leave to amend this Complaint to add said co-conspirators as defendants.

13.    The true names and capacities, whether individual, corporate, associate, representative, or otherwise of defendants named herein as DOES 1 through 100 are unknown to Plaintiff at this time, and they are therefore sued by such fictitious names pursuant to Code of Civil Procedure Section 474.  Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 100 when Plaintiff knows them.  Each of defendants DOES 1 through 100 is in some manner legally responsible for the violations of law alleged herein.

14.    The acts charged in this Complaint as having been done by the Defendants and their co-conspirators were authorized, ordered, or done by their officers,

1    agents, employees, or representatives, while actively engaged in the management of the

2    Defendants' business or affairs.

3          15.    The Defendants named in this Complaint as well as the DOE

4    defendants, along with each of their co-conspirators, are referred to herein as the

5    "Defendants."

6                            ## NATURE OF TRADE AND COMMERCE

7          16.    Masco is a world leader in the manufacture of plumbing products.

8    This segment of the plumbing products market includes faucets, plumbing fittings and

9    valves, bathtubs and shower enclosures, and spas.  Masco's leading faucet brands include

10   Bristan, Damixa, Delta, Hansgroghe, Mariani, Newport Brass, and Peerless.  Leading

11   plumbing specialty brands include Alsons, Acqua Glass, BrassCraft, Brasstech, Gummers,

12   Hansgrohe, Heritage, HotSpring, NewTeam and PlumbShop.

13         17.    According to Masco's 2003 Letter to Shareholders, Masco sold

14   $2,140,000,000 of plumbing products.

15         18.    American Standard is the world's leading producer of bathroom and

16   kitchen fixtures and faucets.  American Standard sells these bathroom and kitchen fixtures

17   and faucets under such brand names as American Standard and Ideal Standard for consumer

18   and commercial markets.

19         19.    In 2003, American Standard sold $2,234,800,000 bath and kitchen

20   products which includes, among other brands, its American Standard and Ideal Standard

21   brands.

22         20.    Grohe America is a U.S. subsidiary of Grohe, the largest faucet

23   manufacturer in Europe and one of the top three manufacturers in the world.  Grohe is

24   currently the world's largest manufacturer of plumbing fittings, with an estimated

25   worldwide market share of more than ten percent.

26         21.    On November 11, 2004, American Standard issued a press release

27   announcing that they had been contacted by the European Commission as part of an

28

CLASS ACTION COMPLAINT

1   industry-wide investigation into possible anticompetitive business practices related to the

2   bath and kitchen fixtures industry.

3           22.     On November 12, 2004, Masco issued a press release stating that the

4   European governmental authorities are investigating possible anticompetitive business

5   practices relating to the plumbing and heating industry in Europe.

6           23.     A November 12, 2004 Reuters News article stated that the European

7   Commission Antitrust officials raided the premises of a number of major European

8   manufacturers and importers of Bathroom and Kitchen Fittings.  The unannounced on-the-

9   spot raids were carried out simultaneously in Austria, Belgium, Germany, Italy, and the

10  Netherlands to determine whether there was evidence of price-fixing collusion between a

11  number of companies and trade groups.  American Standard was one of several large

12  worldwide firms said to have been raided.  The Commission was said to believe that

13  manufacturers are sharing information, such as potential price rises, rebates, discounts, and

14  other sensitive material.

15          24.     The cartel established by defendants and their co-conspirators

16  continues its illegal conduct today.

17                          **CLASS ACTION ALLEGATIONS**

18          25.     Plaintiff brings this action under California Code of Civil Procedure

19  Section 382, on behalf of himself and as representative of a class consisting of:

20              **All persons, sole proprietorships, partnerships,**
                **corporations and other entities in the State of California**
21              **who indirectly purchased Bathroom and Kitchen Fittings**
                **from any of the Defendants or their subsidiaries or**
22              **affiliates for use, but not for resale, at any time during the**
                **period from January 1, 2001 to the present (the "Class**
23              **Period").  Excluded from the Class are governmental**
                **entities, any judge, justice or judicial officer presiding over**
24              **this matter and the members of his or her immediate**
                **family, the Defendants and other manufacturers of**
25              **Bathroom and Kitchen Fittings, along with their respective**
                **parents, subsidiaries and/or affiliates.  Also excluded from**
26              **this class are the legal representatives, heirs, successors**
                **and attorneys of any excluded person or entity, and any**
27              **person acting on behalf of any excluded person or entity.**

28

26.     Plaintiff does not know the exact size of the class; however, Plaintiff believes that the number of class members is so numerous that joinder is impracticable.

27.     Numerous questions of law and fact are common to the class, including but not limited to the following:

a.      whether the Defendants conspired to fix, raise, maintain or stabilize prices of Bathroom and Kitchen Fittings sold in the United States and in the State of California;

b.      whether the Defendants conspired to fix, raise, maintain or stabilized prices of Bathroom and Kitchen Fittings in violation of the Cartwright Act and Unfair Competition Act;

c.      whether the contract, combination, conspiracy and common course of conduct were implemented, and caused the price of Bathroom and Kitchen Fittings to rise above competitive levels;

d.      whether the Defendants' conduct caused injury to the business or property of Plaintiff and the members of the class and, if so, the appropriate class-wide measure of damages;

e.      the operative time period of the contract, combination, conspiracy, and common course of conduct;

f.      the nature and extent of class-wide injury and the measure of damages for that injury;

g.      whether the class is entitled to restitution; and

h.      whether the Defendants actively took steps to conceal their conspiracy.

28.     These and other questions of law and fact predominate over any questions affecting only individual members of the class.

29.     The claims of Plaintiff are typical of the claims of the class in that Plaintiff was an indirect purchaser of Bathroom and Kitchen Fittings like all the members of the class. Indeed, Plaintiff's indirect purchases were in all relevant respects typical of

51322.1                                    -6-
CLASS ACTION COMPLAINT

1   purchases by other class members, and the monetary damages and injunctive relief sought is
2   common to the class.

3         30.    Plaintiff will fairly and adequately protect the interest of the class in
4   that Plaintiff is a typical purchaser of Bathroom and Kitchen Fittings, has no conflicts with
5   any other members of the class, and is represented by experienced and able antitrust, class
6   action counsel. The interests of Plaintiff is coincident with, and not antagonistic to, those of
7   the class members.

8         31.    The questions of law and fact common to the members of the class
9   predominate over any questions affecting only individual members of the class. Class
10  action treatment is superior to the alternatives, if any, for the fair and efficient adjudication
11  of this controversy. Among other things, there is no interest by members of the class in
12  individually controlling the prosecution of separate actions, and it is desirable to concentrate
13  the litigation of the claims made herein in a single proceeding to provide small claimants
14  with a forum in which to seek redress for these violations of California law. Whatever
15  difficulties may exist in the management of the class action will be greatly outweighed by
16  the benefits of the class action procedure, including, but not limited to, providing claimants
17  with a method for redress of claims that may otherwise burden the Court with individual
18  litigation.

19                                    **OFFENSES CHARGED**

20        32.    Beginning at a date at least as early as January of 2001, the
21  Defendants engaged in a continuing trust, combination and conspiracy for the following
22  purposes:

23            a.    to create and carry out unreasonable restrictions on the free flow of
24                  the trade and commerce of Bathroom and Kitchen Fittings described
25                  above;
26            b.    to increase the price of Bathroom and Kitchen Fittings;
27            c.    to prevent or restrain competition in the sale of Bathroom and Kitchen
28                  Fittings; and

CLASS ACTION COMPLAINT

1          d.      to fix or otherwise stabilize the price of Bathroom and Kitchen

2                  Fittings.

3          33.     The aforesaid combination and conspiracy consisted of a continuing

4   express or tacit combination, agreement, understanding, scheme and concert of action

5   among the Defendants, the substantial terms of which were to fix, raise, maintain and

6   stabilize the prices of Bathroom and Kitchen Fittings sold in the State of California at supra-

7   competitive levels.

8          34.     For the purposes of forming and effectuating the aforesaid

9   combination and conspiracy, the Defendants have done those things which they agreed and

10  conspired to do, including, among other things:

11         a.      participating in conversations to discuss the prices of Bathroom and

12                 Kitchen Fittings sold in California;

13         b.      agreeing, during those conversations, to charge prices at certain levels

14                 and otherwise to increase and maintain prices of Bathroom and

15                 Kitchen Fittings sold in California;

16         c.      issuing price announcements and price quotations in accordance with

17                 the agreements reached.

18         35.     In formulating and effectuating the trust's combination and

19  conspiracy, the Defendants have committed acts that they combined and contracted to do as

20  part of an illegal price-fixing scheme, including, but not limited to, the following:

21         a.      discussing, exchanging and deciding among themselves the prices and

22                 other terms of sale for Bathroom and Kitchen Fittings in San

23                 Francisco and elsewhere in the State of California;

24         b.      agreeing to raise, stabilize and maintain the prices of Bathroom and

25                 Kitchen Fittings in San Francisco and elsewhere in the State of

26                 California;

27         c.      agreeing to charge certain prices for Bathroom and Kitchen Fittings in

28                 San Francisco and elsewhere in the State of California; and

51322.1                                        -8-

d.   receiving and accepting payments from customers for Bathroom and Kitchen Fittings sold at agreed upon prices in San Francisco and elsewhere in the State of California.

36.   Beginning at a date at least as early as January of 2001, the Defendants entered into a contract, combination and conspiracy to suppress competition and unreasonably restrain trade and commerce, by fixing the prices of Bathroom and Kitchen Fittings sold to end-users in the State of California.

37.   This unlawful conduct consisted of a continuing agreement or understanding and concert of action between and among the Defendants to fix and maintain the prices of Bathroom and Kitchen Fittings by agreeing to establish and adhere to minimum prices for Bathroom and Kitchen Fittings.

38.   For the purpose of forming and effectuating the aforesaid combination and conspiracy, the Defendants did those things which they combined and conspired to do.

39.   Beginning at a date at least as early as January of 2001, the Defendants have continued to discuss and agree upon prices of Bathroom and Kitchen Fittings sold in the State of California.  The combination and conspiracy alleged herein was created and effectuated through secret communications among representatives of the Defendants.  Each Defendant engaged in one or more overt acts in furtherance of the combination and conspiracy, and each engaged in and attended conspiratorial conversations and/or meetings.

## EFFECTS

40.   The aforesaid combination and conspiracy has had the following effects, among others:

a.   Both direct and indirect buyers of Bathroom and Kitchen Fittings from the Defendants were deprived of free and open competition in the purchase of Bathroom and Kitchen Fittings;

b.   competition in the sale of Bathroom and Kitchen Fittings among the Defendants was restrained, suppressed and eliminated; and

51322.1                                    -9-

CLASS ACTION COMPLAINT

1          c.      prices of Bathroom and Kitchen Fittings sold by the Defendants were

2    raised, fixed and maintained at artificial and noncompetitive levels.

3          41.      As a direct and proximate result of the Defendants' unlawful conduct,

4 Plaintiff and members of the class have been injured in their business and property in that

5 they paid more for Bathroom and Kitchen Fittings than they otherwise would have paid in

6 the absence of the Defendants' unlawful conduct.

7 **FIRST CAUSE OF ACTION**

8 Violation of California Business & Professions Code § 16720 *et seq.*<br>**[The Cartwright Act]**

9 **(Against All Defendants)**

10          42.      Plaintiff re-alleges and incorporates each and every allegation set forth

11 in the paragraphs above.

12          43.      Beginning at least as January of 2001, the exact date being unknown

13 to Plaintiffs, and continuing thereafter, the Defendants have engaged in a continuing

14 contract, combination, conspiracy and course of conduct to fix prices of Bathroom and

15 Kitchen Fittings in violation of California Business and Professions Code, Section 16720, *et*

16 *seq.*

17          44.      The contract, combination, conspiracy and course of conduct alleged

18 herein consisted of a continuing agreement, understanding, and concert of action among the

19 Defendants, the substantial terms of which were to raise, fix, and maintain prices of

20 Bathroom and Kitchen Fittings throughout the United States, including in the State of

21 California.

22          45.      For the purpose of forming and carrying out the alleged combination

23 and conspiracy, defendants and their co-conspirators did those things that they combined

24 and conspired to do, including, but not limited to meeting to discuss and agree upon future

25 price increases, and other activities designed to implement the illegal price-fixing

26 conspiracy.

27          46.      During the class period, Plaintiff and the other members of the class

28 indirectly purchased Bathroom and Kitchen Fittings from the Defendants. By reason of the

51322.1                        -10-

CLASS ACTION COMPLAINT

1   violations of California's antitrust and unfair competition laws alleged herein, Plaintiff and

2   the other members of the class paid more for Bathroom and Kitchen Fittings than they

3   would have in the absence of Defendants' illegal contract, combination, and conspiracy.  As

4   a result, Plaintiff and the members of the class have been injured and have suffered damages

5   in an amount presently undetermined.

6                              **SECOND CAUSE OF ACTION**

7        **Violation of California Business & Professions Code § 17200 *et seq.***
                        **[The Unfair Competition Act]**

8                          **(Against All Defendants)**

9            47.    Plaintiff re-alleges and incorporates each and every allegation set forth

10   in the paragraphs above.

11           48.    Section 17200 of the California Business & Professions Code

12   prohibits unfair competition by prohibiting any "unlawful, unfair or fraudulent business acts

13   or practice ..."

14           49.    This Complaint is filed and these proceedings are instituted pursuant

15   to section 17203 and 17204 of the California Business and Professions Code, to obtain relief

16   from the Defendants for business acts and practices, as alleged herein, that violate the

17   Unfair Competition Act.  Except as specifically provided herein to the contrary, the alleged

18   violations of the Unfair Competition Act charged herein are distinct and independent of the

19   alleged violations of the Cartwright Act.

20           50.    The Defendants' conduct as alleged herein violates the Unfair

21   Competition Act.  The business acts and practices of defendants, as alleged herein,

22   constituted and constitutes a common continuous and continuing course of conduct of unfair

23   competition by means of unfair, unlawful and/or fraudulent business acts or practices within

24   the meaning of the Unfair Competition Act including, but in no way limited to, the

25   following:

26           a.    the violations of Business and Professions Code section 16720 *et seq.*

27                 set forth above are unlawful;

28

51322.1                              -11-

CLASS ACTION COMPLAINT

1        b.     Defendants' business acts and practices, as described above, whether

2             or not in violation of Business and Professions Code section 16720 *et*

3             *seq.* and whether or not the product of concerted action are otherwise

4             unfair, unconscionable, unlawful and fraudulent;

5        c.     Defendants' business acts and practices are unfair to consumers in the

6             State of California within the meaning of Business and Professions

7             Code section 17200; and

8        d.     Defendants' acts and practices are fraudulent within the meaning of

9             Business and Professions Code section 17200.

10      51.     The illegal conduct alleged herein is continuing and there is no

11  indication that Defendants will not continue such activity into the future.

12      52.     The business acts and practices of Defendants, as alleged herein,

13  constituted and constitute a common continuous and continuing plan and scheme to deceive

14  the public by means of unfair, unlawful and/or fraudulent business practices affecting the

15  trade or commerce in Bathroom and Kitchen Fittings in violation of California Business &

16  Professions Code, Section 17200, *et seq.*

17      53.     Defendants' acts, omissions, misrepresentations, practices, and non-

18  disclosures, as alleged herein, constituted and constitute unfair, unlawful and/or fraudulent

19  business practices within the meaning of California Business & Professions Code, Section

20  17200 *et seq.*

21      54.     Plaintiff and the members of the Class are entitled to relief, including

22  full restitution and/or disgorgement of all revenues, earnings, profits, compensation and

23  benefits which may have been obtained by Defendants as a result of such business acts or

24  practices and enjoining defendants to ease an desist from engaging in the practices described

25  herein.

26                 **PRAYER FOR RELIEF**

27      WHEREFORE, Plaintiff, on behalf of himself and the members of the class,

28  prays for judgment against the Defendants, jointly and severally, as follows:

1.    That the Court certify a California Class of indirect purchasers of Bathroom and Kitchen Fittings manufactured and sold by the Defendants;

2.    On the First Cause of Action:

a.    That the unlawful trust, combination, agreement and course of conduct alleged herein be adjudged and decreed to be in violation of California Business & Professions Code Section 16700 *et seq.* and that Plaintiff and the members of the class have been injured and damaged as a result of said violation of the Cartwright Act;

b.    That Plaintiff and the other members of the class recover treble the amount of the damages sustained by each of them by reason of the violations of California Business & Professions Code Section 16720 *et seq.*

c.    For reasonable attorneys' fees pursuant to Section 16750(a) of the Business & Professions Code.

3.    On the Second Cause of Action:

a.    A declaration that Defendants have engaged in unlawful, unfair, and deceptive business acts and practices in violation of California Business & Professions Code § 17200 *et seq.*

b.    That Defendants, their agents, servants, and employees, and all persons acting, directly or indirectly, in concert with them, be ordered to restore all funds to each member of the class acquired by means of any act of practice declared by this Court to be unlawful or to constitute unfair competition under Section 17200 *et seq.* of the California Business & Professions Code;

c.    That Defendants be ordered to make restitution to Plaintiff and each and every member of the class due to their unfair competition, including disgorgement of their wrongfully obtained revenues, earnings, profits and compensation pursuant to California Business & Professions Code, Sections 17203 and 17204;

d.    A preliminary and/or permanent injunction enjoining defendants and their respective successors, agents, servants, officers, directors, employees and all persons

1  acting in concert with them from pursuing the policies, acts, and practices complained or

2  herein and prohibiting Defendants from continuing such unfair and illegal business acts.

3      4.   For pre-judgment interest at the highest legal rate, from and after the

4  date of service of this Complaint;

5      5.   For reasonable attorneys' fees and costs of suit as permitted by law,

6  including but not limited to Cal. Code of Civ. Proc. Section 1021.5; and

7      6.   For such other and further relief as the Court may deem just and

8  proper.

9                          **JURY TRIAL DEMAND**

10       Plaintiff hereby demands a trial by jury for all issues so triable.

11  Dated: February 17, 2005                    Respectfully submitted,

12

13                                      By: _____

14                                      MICHAEL P. LEHMANN (No. 77152)
                                         JON T. KING (No. 205073)
15                                      THE FURTH FIRM LLP
                                         225 Bush Street, 15th Floor
16                                      San Francisco, California 94104
                                         Telephone:    (415) 433-2070
                                         Facsimile:    (415) 982-2076
17

18                                      FRANCIS O. SCARPULLA (41059)
                                         LAW OFFICES OF FRANCIS O.
19                                      SCARPULLA
                                         44 Montgomery Street, Suite 3400
20                                      San Francisco, CA 94104
                                         Telephone: (415) 788-7210
21                                      Attorneys for Plaintiff

22

23

24

25

26

27

28

51322.1                          -14-

CLASS ACTION COMPLAINT